IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advantage Inspection International, LLC, | ) |
|                Plaintiff, | ) C.A. No. 6:06-3466-HMH |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Wayne Sumner d/b/a VIP Inspection and/or Vision Reporting Systems, | ) |
|                Defendant/ Third-Party Plaintiff, | ) |
| vs. | ) |
| Thomas Brent Skidmore and Sonya Skidmore, | ) |
|                Third-Party Defendants. | ) |

This matter is before the court on Advantage Inspection International, LLC's ("Advantage") motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants in part and denies in part Advantage's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Advantage provides home inspection and warranty services. (Am. Compl. ¶ 1.) Advantage alleges that it is the exclusive licensee of copyrights in a standardized report, known as the Advantage Home Inspection Report ("Advantage Report"), and in the software

1

("Advantage Software") developed for creating the Report. (Id. ¶¶ 2-3.) Advantage allows its franchisees who provide home inspection services to use the Advantage Software to generate Advantage Reports. (Id. ¶ 21.) Specifically, the Advantage Software allows home inspectors to generate a standardized home inspection report by choosing from a variety of predetermined descriptions that identify and describe any damage or needed repairs observed at the house being inspected. (Id. ¶ 11.)

Advantage alleges that it is the exclusive licensee of U.S. Copyright TX 3-375-097 for "The Advantage Home Inspection Report," which protects the arrangement, format, and appearance of the Report, and of U.S. Copyright TXu 1-069-095 for "Advantage Inspection Software and Training System," which protects certain aspects of the Advantage Software. (Id. ¶¶ 12, 14; Pl.'s Mem. Supp. Mot. Compel 2.) In addition, Advantage claims that on July 24, 2007, it filed the Copyright Application Form TX for "The 2005 Advantage Inspection, Inc. Software," which protects the source and object code of the 2005 version of the Advantage Software. (Compl. ¶¶ 16-17.)

From approximately January 5, 2001, to October 26, 2005, Wayne Sumner ("Sumner") was employed by one of Advantage's affiliate companies, Advantage Inspection Systems, ASP, LLC. (Pl.'s Mem. Supp. Mot. Compel 2.) Pursuant to his employment, Sumner was paid to upgrade the Advantage Software to provide it with the capability of converting paper based reports to PDF files that could be electronically delivered and manipulated. (Am. Compl. ¶ 24.) According to Advantage, Sumner was unable to create a fully functional software system. (Id. ¶ 25.) Consequently, in September 2005, Advantage informed Sumner that while he would not be terminated, it intended to hire a third-party programmer to finalize the software upgrade. (Id.

¶ 30.) However, Sumner resigned in October 2005. (Id. ¶ 31.)

Advantage alleges that shortly after resigning, Sumner began doing business as Vision Reporting Systems and/or VIP Inspections. (Id. ¶ 36.) As part of his business, Sumner began selling software entitled "Vision Reporting System Demo Version 2.3" ("Vision Software"). (Am. Compl. ¶ 40.) Advantage alleges that the Vision Software is a direct copy of the Advantage Software, and that the Vision Software generates reports that infringe the Advantage Report. Based on these allegations, Advantage has asserted a copyright infringement claim against Sumner. (Id. ¶ 42-44, 76-90.)

## II. Discussion of the Law

In its motion to compel, Advantage claims that Sumner has failed to adequately respond to a number of its requests for production.

### A. Request Number 22

First, Advantage asserts that Sumner has failed to produce documents responsive to Advantage's request number 22, which requests "a forensic copy, including but not limited to the source code and object code, of each version of the Defendant's Software." (Pl.'s Mem. Supp. Mot. Compel 9.) Specifically, Advantage states that Sumner "refuses to provide passwords, source code, [and] forensic copies of development environment for each version of the infringement software as required . . . ." (Id.)

In response, Sumner clarifies that the terms "source code," "object code," and "script," which Advantage uses interchangeably, actually refer to different things. (Def.'s Mem. Opp'n Mot. Compel 7-8.) Sumner asserts that he does not have access to the source code and object code, because they belong to FileMaker Pro, a database manager that Sumner

3

used to write his program, and is not available to Sumner. (Id. 8.) Based on the foregoing, Advantage's motion with respect to the source code and object code is denied.

In contrast, Sumner does have access to the scripts, which he created. (Id.) However, Sumner asserts that the scripts are irrelevant to Advantage's claims as they are not copyrighted material. (Id. 9.) According to Sumner, because Advantage has access to the allegedly infringing material, i.e. the text, the underlying scripts are irrelevant to an infringement claim. (Id. 10.) This argument is unpersuasive.

Advantage has asserted a claim of copyright infringement based on its July 24, 2007, application, which was filed for the source code and object code[1] of Advantage's 2005 version of its software. (Compl. ¶¶ 16-17.) The scripts are relevant to this claim as the allegedly infringing material. Further, because the scripts were used to create the allegedly infringing software and reports, they are relevant to the issue of whether Sumner copied the Advantage Report and Software. Therefore, with respect to the scripts in Sumner's possession and any passwords necessary to access the scripts, Advantage's motion to compel is granted.

### B. Request Numbers 25 and 26

Advantage also asserts that Sumner failed to adequately respond to request number 25, which requests "all documents or things evidencing the date on which each version of the Defendant's software or any report created by the Defendant's software was created and/or completed," and request number 26, which requests "all documents or things evidencing the dates on which Defendant worked on any version of the Defendant's Software and/or any

---

[1] As Sumner notes, Advantage appears to use the terms "source code" and "object code" interchangeably with the term "scripts." (Pl.'s Reply Supp. Mot. Compel 3.)

4

report created by the Defendant's Software." (Pl.'s Mem. Supp. Mot. Compel 10.) Advantage asserts that this information is included in the source code.

As stated above, Sumner asserts that he does not have possession of or access to the source code. (Def.'s Mem. Opp'n Mot. Compel 8.) In addition, Sumner states that he has already provided Advantage with all documents responsive to these requests. (Id. 16-17.) Therefore, with the exception of the scripts, which are addressed above, and any additional responsive documents remaining in Sumner's possession, Advantage's motion to compel with regard to request numbers 25 and 26 is denied.

### C. Request Number 28

In request number 28, Advantage requested

> all documents and things relating to, referring to or evidencing the software developing environment in which Defendant's Software was created, changed, improved or worked upon, including a forensic copy of the developing environment, the operating system and/or other software applications, in which Defendant created, changed, improved, used or referred to any version of the Defendant's Software.

(Pl.'s Mem. Supp. Mot. Compel 11.) Advantage claims that this information is relevant because it is necessary to conduct a complete comparison of the Vision Software to the Advantage Software. (Pl.'s Reply Supp. Mot. Compel 8-9.) In addition, while Advantage admits that it has possession of one version of FileMaker Pro, the developing environment used by Sumner, it does not know which version was used by Sumner to create the Vision Software. (Id.) Advantage states that this information is necessary because different versions of FileMaker Pro contain different "plug-ins" that were incorporated into the Vision Software. (Id.) Similarly, Advantage asserts that it is necessary to know which operating

5

system and service pack Sumner used to create the Vision Software to ensure that Advantage is running the Vision Software in the same manner.  (Id. 9.)

Sumner asserts that he does not have access to the programming for the developing environment or operating system he used.  (Def.'s Mem. Opp'n Mot. Compel 13-14.)  In addition, Sumner contends that this information is irrelevant.  (Id.)

The court finds that the versions of FileMaker Pro and Windows XP used by Sumner are relevant to Advantage's infringement claims.  Further, Advantage does not seek the programming for FileMaker Pro or Windows XP, but rather a copy of Sumner's version of FileMaker Pro and the identification of which operating system and service pack Sumner used to create the Vision Software.  (Pl.'s Reply Supp. Mot. Compel 8-9.)  Therefore, to the extent Sumner has access to this information, he is ordered to comply with Advantage's request to produce number 28.

### D.  Request Number 33

In its request number 33, Advantage requested "a forensic copy of each hard-drive on which Defendant modified, created, changed and/or conceived Defendant's Software or any reports created by Defendant's Software."  (Pl.'s Mem. Supp. Mot. Compel 11.)  Sumner asserts that he has produced all non-privileged, responsive documents from his hard drive.  (Def.'s Mem. Opp'n Mot. Compel 15.)

Advantage is seeking only documents relating to the creation and modification of the Vision Software.  (Pl.'s Reply Supp. Mot. Compel 7.)  In addition, Advantage asserts that Sumner has failed to produce any documents reflecting when Sumner created or modified the Vision Software, or any metadata.  (Id.)  Because this is relevant information, Sumner is

ordered to produce any remaining documents from his hard drive relating to the creation and modification of the Vision Software that have not yet been produced.

In sum, the court finds that all of Advantage's requests to produce discussed above[2] seek relevant information that would not be unduly burdensome for Sumner to produce. Therefore, to the extent Sumner retains possession of or access to documents or things responsive to the above requests to produce, he is ordered to comply with the requests.

It is therefore

**ORDERED** that the Plaintiff's motion to compel, docket number 50, is granted in part and denied in part.

**IT IS SO ORDERED**.

        s/Henry M. Herlong, Jr.
        United States District Judge

Greenville, South Carolina
October 9, 2007

---

[2] Advantage purports to cover requests to produce numbers 23, 29, and 32, in its motion to compel, but does not specifically address these requests in his motion. However, Sumner asserts that he has fully complied with these requests.