IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advantage Inspection International, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 6:06-3466-HMH |
| | ) |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Wayne Sumner d/b/a VIP Inspection and/or Vision Reporting Systems, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Thomas Brent Skidmore and Sonya Skidmore, | ) |
| | ) |
| Third-Party Defendants. | ) |

This matter is before the court on Wayne Sumner's ("Sumner") motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Sumner's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Advantage Inspection International, LLC ("Advantage") provides home inspection and warranty services. (Am. Compl. ¶ 1.) Advantage alleges that it is the exclusive licensee of copyrights in a standardized report, known as the Advantage Home Inspection Report ("Advantage Report"), and in the software ("Advantage Software") developed for creating the Report. (Id. ¶¶ 2-3.) Advantage allows its franchisees who provide home inspection services to

use the Advantage Software to generate Advantage Reports. (Id. ¶ 21.) Specifically, the Advantage Software allows home inspectors to generate a standardized home inspection report by choosing from a variety of predetermined descriptions that identify and describe any damage or needed repairs observed at the house being inspected. (Id. ¶ 11.)

Advantage alleges that it is the exclusive licensee of U.S. Copyright TX 3-375-097 for "The Advantage Home Inspection Report," which protects the arrangement, format, and appearance of the Report, and of U.S. Copyright TXu 1-069-095 for "Advantage Inspection Software and Training System," which protects certain aspects of the Advantage Software. (Id. ¶¶ 12, 14; Pl.'s Mem. Supp. Mot. Compel 2.) In addition, Advantage claims that on July 24, 2007, it filed the Copyright Application Form TX for "The 2005 Advantage Inspection, Inc. Software," which protects the source and object code of the 2005 version of the Advantage Software. (Am. Compl. ¶¶ 16-17.)

From approximately January 5, 2001, to October 26, 2005, Sumner was employed by one of Advantage's affiliate companies, Advantage Inspection Systems, ASP, LLC. (Pl.'s Mem. Supp. Mot. Compel 2.) Pursuant to his employment, Sumner was paid to upgrade the Advantage Software to provide it with the capability of converting paper based reports to PDF files that could be electronically delivered and manipulated. (Am. Compl. ¶ 24.) According to Advantage, Sumner was unable to create a fully functional software system. (Id. ¶ 25.) Consequently, in September 2005, Advantage informed Sumner that while he would not be terminated, it intended to hire a third-party programmer to finalize the software upgrade. (Id. ¶ 30.) However, Sumner resigned in October 2005. (Id. ¶ 31.)

Advantage alleges that shortly after resigning, Sumner began doing business as Vision

Reporting Systems and/or VIP Inspections. (Id. ¶ 36.) As part of his business, Sumner began selling software entitled "Vision Reporting System Demo Version 2.3" ("Vision Software"). (Am. Compl. ¶ 40.) Advantage alleges that the Vision Software is a direct copy of the Advantage Software, and that the Vision Software generates reports that infringe the Advantage Report. Based on these allegations, Advantage has asserted a copyright infringement claim against Sumner. (Id. ¶ 42-44, 76-90.)

## II. DISCUSSION OF THE LAW

Sumner moves to dismiss Advantage's amended complaint for lack of subject matter jurisdiction. Sumner asserts three grounds in support of dismissal: (1) Advantage "did not satisfy the statutory prerequisite of copyright registration with the United States Copyright Office for enforcement of its third alleged copyright," (2) Advantage "fails to plead that it is the owner of any exclusive rights to the third copyright," and (3) Advantage "is not a legally recognized entity, as it failed to obey the requirements of the Delaware Limited Liability Company Act under which it is allegedly incorporated." (Def.'s Mem. Supp. Mot. Dismiss 1-2.)

"The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to 12(b)(1), the . . . court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). The motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond,

3

Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### A. Registration of Third Copyright

First, Sumner asserts that Advantage lacks standing to bring a cause of action for copyright infringement of the work entitled "The 2005 Advantage Inspection, Inc. Software," because Advantage has not obtained a registration for this copyright ("2005 Software Copyright"). (Def.'s Mem. Supp. Mot. Dismiss 1-2.) However, subsequent to filing its second amended complaint, Advantage received U.S. Copyright Registration No. TX 6-595-047 for "The 2005 Advantage Inspection, Inc. Software." (Pl.'s Mem. Opp'n Mot. Dismiss Ex. A ("Copyright Registration No. TX 6-595-047).) Based on the foregoing, Sumner's argument that Advantage has not registered the 2005 Software Copyright is moot, and his motion to dismiss on this ground is denied.

### B. Ownership of Third Copyright

Second, Sumner asserts that Advantage lacks standing to bring a copyright claim with regard to the 2005 Software Copyright because it is not the owner or exclusive licensee of the copyright. (Def.'s Mem. Supp. Mot. Dismiss 2.) Advantage alleges that it is the owner of the 2005 Software Copyright by way of assignment. (Pl.'s Mem. Opp'n Mot. Dismiss 12.) In support of this allegation, Advantage has presented an assignment dated July 23, 2007, assigning the rights in the 2005 Software Copyright to Advantage Inspection International, LLC. (Id. Ex. B (Copyright Assignment).) Therefore, at a minimum a factual dispute exists over whether Advantage is the owner of the 2005 Software Copyright and dismissal would be improper. Based on the foregoing, Sumner's motion to dismiss on the ground that Advantage is not the owner of the 2005 Software Copyright is denied.

### C.  Validity of Limited Liability Company

Finally, Sumner moves to dismiss Advantage's amended complaint because Sumner alleges that Advantage is not a legally organized limited liability company ("LLC"), and therefore, not a legal person.  (Def.'s Mem. Supp. Mot. Dismiss 2.)  Specifically, Sumner contends that in order to be properly formed in the State of Delaware, an LLC must enter into an LLC agreement, and that Advantage did not enter into such an agreement.  (Id. 7-9.)

Advantage's certificate of formation was filed in the office of the Delaware Secretary of State on February 11, 2004.  (Pl.'s Mem. Opp'n Mot. Dismiss Ex. F (Certificate of Formation).)  Advantage contends that at the time of its formation, Delaware law did not require the existence of an LLC agreement.  (Id. 14.)  On February 11, 2004, when Advantage filed its certificate of formation, 6 Del C. § 18-201 provided as follows:

(a) In order to form a limited liability company, 1 or more authorized persons must execute a certificate of formation.  The certificate of formation shall be filed in the office of the Secretary of State and set forth:

   (1) The name of the limited liability company;
   (2) The address of the registered office and the name and address of the registered agent for service of process required to be maintained by § 18-104 of this title; and
   (3) Any other matters the members determine to include therein.

(b) A limited liability company is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State or at any later date or time specified in the certificate of formation if, in either case, there has been substantial compliance with the requirements of this section.  A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.

. . .

5

> (d)  A limited liability company agreement *may* be entered into either before, after or at the time of filing of a certificate of formation . . . .

Id. (emphasis added).

On August 1, 2007, § 18-201(d) was amended to provide that "[a] limited liability company *shall* be entered into or otherwise existing either before, after or at the time of the filing of a certificate of formation . . . ." Id. (emphasis added).  Therefore, at the time Advantage filed its certificate of formation, an LLC agreement was not required in order to properly form an LLC, and pursuant to the language of § 18-201(b), Advantage became a legal entity upon filing of the initial certificate of formation.  Further, there is no evidence that the Delaware General Assembly intended the August 1, 2007, amendment to apply retroactively.  See General Motors Corp. v. Wolhar, 686 A.2d 170, 172 (Del. 1996) ("Generally, in the absence of language demonstrating the legislature's intent to the contrary, a statute will not be given retroactive application if it affects substantive rights.").

Finally, even if such an agreement were required, Advantage alleges and presents evidence that Advantage's members agreed to the terms of an operating agreement that was prepared on or about February 13, 2004.  (Pl.'s Mem. Opp'n Mot. Dismiss 17, Ex. I (Thomas Brent Skidmore Decl.), Ex. J (Sonya Skidmore Decl.), Ex. K (Charlie Shipman Decl.), & Ex. L (Donald Hachenberger Decl.).)  Therefore, the court finds that a factual dispute exists over the existence of Advantage's LLC agreement, and dismissal on this ground is not appropriate.  Based on the foregoing, Sumner's motion to dismiss is denied.

6

It is therefore

**ORDERED** that the Defendant's motion to dismiss, docket number 51, is denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
October 9, 2007