IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Advantage Inspection International, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:06-3466-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| Wayne Sumner d/b/a VIP Inspection and/or Vision Reporting Systems, | ) ) ) | |
| Defendant/ Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| Thomas Brent Skidmore and Sonya Skidmore, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court on Advantage Inspection International, LLC's ("Advantage") motion to enforce the settlement agreement, or in the alternative, to restore the case to the calendar. For the reasons set forth below, the court grants Advantage's motion and finds that this case has settled.

I. FACTUAL AND PROCEDURAL BACKGROUND

Advantage provides home inspection and warranty services. (Am. Compl. ¶ 8.) Advantage alleges that it is the exclusive licensee of copyrights in a standardized report, known as the Advantage Home Inspection Report ("Advantage Report"), and in the software ("Advantage Software") developed for creating the Report. (Id. ¶¶ 9-10.) Advantage allows its

franchisees who provide home inspection services to use the Advantage Software to generate Advantage Reports. (Id. ¶ 21.) Specifically, the Advantage Software allows home inspectors to generate a standardized home inspection report by choosing from a variety of predetermined descriptions that identify and describe any damage or needed repairs observed at the house being inspected. (Id. ¶ 11.)

Advantage alleges that it is the exclusive licensee of U.S. Copyright TX 3-375-097 for "The Advantage Home Inspection Report," which protects the arrangement, format, and appearance of the Report, and of U.S. Copyright TXu 1-069-095 for "Advantage Inspection Software and Training System," which protects certain aspects of the Advantage Software. (Id. ¶¶ 12, 14; Pl.'s Mem. Supp. Mot. Compel 2.) In addition, Advantage claims that on July 24, 2007, it filed the Copyright Application Form TX for "The 2005 Advantage Inspection, Inc. Software," which protects the source and object code of the 2005 version of the Advantage Software. (Am. Compl. ¶¶ 16-17.)

From approximately January 5, 2001, to October 26, 2005, Wayne Sumner ("Sumner") was employed by one of Advantage's affiliate companies, Advantage Inspection Systems, ASP, LLC. (Pl.'s Mem. Supp. Mot. Compel 2.) Pursuant to his employment, Sumner was paid to upgrade the Advantage Software to provide it with the capability of converting paper-based reports to PDF files that could be electronically delivered and manipulated. (Am. Compl. ¶ 24.) According to Advantage, Sumner was unable to create a fully functional software system. (Id. ¶ 25.) Consequently, in September 2005, Advantage informed Sumner that while he would not be terminated, it intended to hire a third-party programmer to finalize the software upgrade. (Id. ¶ 30.) However, Sumner resigned in October 2005. (Id. ¶ 31.)

Advantage alleges that shortly after resigning, Sumner began doing business as Vision Reporting Systems and/or VIP Inspections. (Id. ¶ 36.) As part of his business, Sumner began selling software entitled "Vision Reporting System Demo Version 2.3" ("Vision Software"). (Am. Compl. ¶ 40.) Advantage alleges that the Vision Software is a direct copy of the Advantage Software, and that the Vision Software generates reports that infringe the Advantage Report. Based on these allegations, Advantage asserted a copyright infringement claim against Sumner. (Id. ¶¶ 42-44, 76-90.)

This case was set for trial on March 24, 2008. After jury selection on March 4, 2008, during which a jury for the trial was selected, the court held an off-the-record settlement conference. Thomas Brent Skidmore and Sonya Skidmore, individually and as representatives of Advantage, were present and represented by their counsel, Bernie Ellis ("Ellis"), Douglas Kim, and Hunter Freeman. Sumner was also present and represented by his counsel, Rob Lowe ("Lowe").

As a result of the settlement conference, attorneys for both parties represented to the court off-the-record that they had reached a settlement agreement. In addition, the parties presented the terms of the settlement agreement off-the-record. Accordingly, the court convened in order to place the terms of the agreement on the record. (March 4, 2008, Tr. 1.) When the parties indicated in court that they needed further time to formulate the language of the agreement, the court entered an order of dismissal stating that it had "been advised by counsel for the parties that the above action has been settled." (March 4, 2008, Order 1.) In addition, the order dismissed the action without prejudice. (Id.) The dismissal was to become with prejudice in sixty days if no party moved to either enforce the settlement agreement or to restore the case to the trial

calendar on the ground that settlement was not consummated. (Id.) Finally, the court retained jurisdiction to enforce the settlement agreement. (Id.)

On April 30, 2008, Advantage filed a motion to enforce the settlement agreement, or in the alternative, to restore the case to the trial calendar. Sumner filed a response on May 19, 2008, and Advantage replied on May 30, 2008. The court held a hearing on Advantage's motion on June 9, 2008.

## II. DISCUSSION OF THE LAW

Advantage asserts that the parties entered into a settlement agreement at the settlement conference on March 4, 2008, and moves to enforce the agreement. (Pl.'s Mot. Enforce Settlement 2-6; June 9, 2008, Hr'g Tr. 1-3.) "Although resolution of a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint. To this extent, district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) (citation omitted). However, "to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540-41 (citations omitted). "If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." Id. at 541.

Sumner disputes that the parties entered into a settlement agreement on March 4, 2008. Instead, Sumner claims that during the settlement conference, Advantage devised an offer, and that the court convened for the purpose of reading Advantage's offer onto the record, at which

point in time, Sumner would have been free to accept or reject Advantage's offer.  (Def.'s Mem. Opp'n Mot. Enforce Settlement 2.)  However, the court finds that this allegation is not credible.

It is clear from the transcript of the proceedings on March 4, 2008, that the case had settled and that the purpose of convening in court was to place the terms of the settlement agreement on the record.  (March 4, 2008, Tr. 1.)  Specifically, the court stated "[t]his case has settled and you are going to put on the record the terms."  (Id.)  Ellis confirmed that the court's statement was correct.  (Id.)  Finally, the court's March 4, 2008, order indicated that it had "been advised by counsel for the parties that the above action has been settled."  (March 4, 2008, Order 1.)  At no point in time until filing its response to Advantage's motion to enforce the settlement agreement on May 19, 2008, did Sumner assert that the case had not settled.

To the contrary, during the settlement conference on March 4, 2008, Lowe represented to the court that his client had authorized him to settle the case based on the terms offered by Advantage during the settlement conference.  "Acts of an attorney are directly attributable to and binding upon the client.  Absent fraud or mistake, where attorneys of record for a party agree to settle a case, the party cannot later repudiate the settlement."  Arnold v. Yarborough, 316 S.E.2d 416, 417 (S.C. 1984) (citations omitted).  Based on Lowe's representation, the court convened to record the fact that the case had settled.  (March 4, 2008, Tr. 1; June 9, 2008, Tr. 3.)

The fact that the case had settled was stated by the court on the record as well as in the court's March 4, 2008, order of dismissal without objection from Sumner or Lowe.  (March 4, 2008, Order 1.)  In addition, the court dismissed the jury and removed the case from its trial calendar for the March 2008 term, also without objection.  Based on the foregoing, the court finds that the parties did reach a settlement agreement and this case is settled.  Further, the court

finds that the terms of the settlement agreement are those Advantage offered and Sumner accepted during the March 4, 2008, settlement conference and which are memorialized in the settlement agreement attached as Exhibit C to Advantage's motion to enforce the settlement agreement. (June 9, 2008, Hr'g Tr. 1-3; Pl.'s Mem. Supp. Mot. Enforce Settlement 2-6 & Ex. C (Settlement Agreement).) Although Advantage's exhibit goes into more detail, the settlement agreement attached as Exhibit C contains the essence of the material terms agreed to by the parties in this case during the March 4, 2008, settlement conference.

It is therefore

**ORDERED** that the Plaintiff's motion to enforce the settlement agreement, docket number 130, is granted, and this case is settled.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
June 20, 2008